## ASSESSMENTS FOR SEWERS.

[Circuit Court of Lucas County.]

AMANDA R. AYERS V. CITY OF TOLEDO.

Decided, October 3, 1904.

*Sewers—Assessments for—Failure of Council to Fix Value of Property in Advance—No Presumption that Assessment is Inequitable, When—Report of Assessing Committee—Allegation that Assessment Exceeded 25 per cent. Limitation not Material, When.*

1. Failure on the part of the city council or an assessing committee to fix in advance the valuation of property to be assessed for a sewer improvement, or to make a record of such valuation, are not under Section 2271 (repealed, 96 O. L., 96) such vital irregularities as will invalidate the assessment, where it appears that the assessment is just and equitable, and does not exceed the benefits or the 25 per cent. limitation of the true market value of the property.

2. The report of an assessing committee is not conclusive as against the owners of the property, but an assessment based upon such a report will not be set aside in the absence of proof that it is inequitable or unjust.

3. No presumption that an assessment is inequitable arises from the mere failure of council to make a record of the valuation of the property charged therewith.

4. In a suit to collect an assessment, an allegation by the defendant that the assessment exceeds 25 per cent. of its general taxable value, is not material and should be stricken out, where the statutory limitation of 25 per cent. refers to the fair market value of the property after the improvement is made.

PARKER, J; HULL, J., and HAYNES, J., concur.

Error to Lucas County Common Pleas Court.

The action in the court below was by the defendant in error against the plaintiff in error and others to recover certain sewer assessments. The plaintiff in error filed her separate answer, in which she avers, amongst other things, that the council of the city of Toledo never determined the value of said premises or of any part thereof; that is to say, of her premises upon

which the assessment of which she complains was levied. And she claims that this was an irregularity in the proceedings which was vital, fundamental and fatal, rendering the assessment null and void.

The statute bearing upon the question, and which plaintiff in error says was not observed in this respect, is Section 2271, Revised Statutes, as passed April 21, 1896 (92 O. L., 271; repealed 96 O. L., 96). That statute contains this provision:

"In cities of the third grade, first class, the tax or assessment specially levied or assessed upon any lot or land for any improvement, shall not, except as provided in Section 2272, Revised Statutes (repealed 96 O. L., 96), exceed 25 per centum of the value of such lot or land, as determined by the council in advance of the assessment or at the time of making the same, which valuation shall not exceed a fair market value of such lot or lands after the improvement is made, and the cost exceeding that per centum shall be paid by the corporation out of its general revenue."

Section 2272, Revised Statutes (repealed 96 O. L., 96), referred to, applies to cases where a petition for the improvement is filed, and there was no petition for the improvement in this case. Therefore, we are brought face to face with the question of the effect of the omission to make the valuation, or the effect of a failure to make a record of a valuation, if such valuation was made.

In the case of *Blair* v. *Cary*, 2 C. C.—N. S., 25, a similar question seemed to have been involved, and was debated. We held that we were not required to pass upon it, and did not pass upon it, because in that case there was a petition, but we said this, page 570:

"It is said, in the third place, that the assessment was invalid because the value of the property was never fixed by the council, so that no 25 per cent. limit could be observed, reference being had to Section 2270, Revised Statutes (repealed 96 O. L., 96), which requires that an assessment shall not exceed 25 per cent. of the value of the property to be assessed. It does not appear to us that any valuation of the property was required in this case. It was held in the case of *Strauss* v. *Cincinnati*, 23 Bull., 359, by the superior court of that city, that a

failure to fix a valuation did not render an assessment invalid in a case where it was required; and that holding was confirmed by the superior court at the general term, the report of the affirmance appearing in 24 Bull., 422; and if a valuation were required here, we would be inclined to the views expressed by the court in that case.''

We gave the question pretty full consideration in that case before we determined that it was not in fact involved, and that it was not necessary for us to pass upon it; and when we said that we felt inclined to the views expressed by the Cincinnati court upon that question, we said it after a full consideration of the matter, and we are not now inclined to adopt different views upon the subject. We think those views are sound and just.

I should perhaps go a little further with a statement of the facts. This issue as to non-valuation presented by the answer, the city undertook to meet by its reply, in which it says that it denies that the council of the city of Toledo never determined the value of said premises or any part thereof; further, that before any assessment was made against the property in the petition set out, the council of the city of Toledo, by ordinance, appointed three disinterested freeholders of the corporation of Toledo, to report to the council an estimated assessment of the cost on the lots and lands to be charged therewith, in proportion, as nearly as possible, to the benefits which might result from the improvement to the several lots or parcels of land so assessed, and that said freeholders determined the fair market value of said property of defendant, Amanda R. Ayers, and laid its assessment in proportion to benefits upon said property, after considering its fair market value. That thereafter said report of the said freeholders containing the assessment made and found, after due investigation and determination as to the value of said property, was regularly presented to the council of the city of Toledo; and that thereupon the council of the city of Toledo, accepting the determination of said freeholders finding the assessment against said property in proportion to the benefits conferred upon the property, after a full consideration of the fair market value of said property, levied the assess-

ment in plaintiff's petition referred to, but neither did said freeholders above referred to, or said council, set out on their records their determination as to what was the fair market value of said lots and lands respectively.

When the case came to be tried upon these issues, it was submitted upon an agreed statement of facts, and there is some question whether the agreed statement of facts fully sustains these averments of the reply as to the valuation having been made by the council. The agreed statement of facts sets forth that the committee (giving their names) selected by the council proceeded as follows:

1. They got the total cost of the improvement from the city civil engineer.

2. They obtained the description of all the property to be assessed.

3. They ascertained the amount of benefits to each parcel and apportioned the same, having reference, in so doing, to the whole amount to be assessed, but they say that they ascertained and determined that the amount of benefits upon all the property to be assessed exceeded the total of the costs and expenses which they assessed thereon; that the amount of the assessment upon any parcel did not exceed, in any case, the benefits thereto, nor its proportion of the amount assessed upon all the property. They also determined the value of each lot so as not to exceed the limitation of 25 per cent., which they supposed they were required to observe; that is to say, that the assessment should not exceed the limitation of 25 per cent. of the value of the property. That in estimating the benefits, they viewed the property, they considered its location, the size and shape of each parcel, the extent of the frontage, the improvements thereon and the uses to which it was or might be devoted, and everything else that in their judgment had a proper and legitimate influence upon the estimate they were making of the benefits accruing thereto from the improvement; but they did not estimate the amount of the benefits accruing to all the property upon the street and sum the same up, or go through the arithmetical operation of adding the same and using the total as a basis of apportioning the benefits; and finding that the

benefits exceeded the amount to be assessed, they proceeded with that amount as a basis, taking no account of the excess of the total benefits over the total amount to be assessed.

It appears, therefore, that they proceeded about as a like committee did in the case of *Blair* v. *Cary, supra,* and which proceeding we found was substantially regular, and in accordance with the statute, and all that was required by the statute.

The agreed statement of facts sets forth that the report of assessing committee was as follows:

"We, the undersigned, a committee appointed by your honorable body, by resolution adopted July 29, 1901, to report an estimated assessment to pay the cost and expense of sewer No. 817 in the alley between White and Raymer streets, from sewer No. 271, in Nevada street, to a point twenty feet east of White street, etc., in accordance with said resolution and the instructions therein contained, which are made a part hereof, report as follows:

"We find that the estimated value of special benefits conferred upon the lots and lands set forth in the ordinance providing for said improvement, passed December 17, 1900, is equal in amount to the total estimated cost of said improvement, including incidental expenses, as reported herein.

"We find and report an estimated assessment upon the lots and lands set forth in said improvement ordinance, passed October 17, 1900, which estimated assessment so reported herein, is made on the lots or parcels of lands to be charged herewith in proportion, as nearly as may be, to the special benefits which result from said improvement to the several lots and parcels of land specially benefited by said improvement in the proportion that the special benefit to each lot or parcel of land bears to the whole special benefits conferred by said improvement. Said estimated assessment upon each lot or parcel of land so assessed as reported herein, is based upon the value of special benefits conferred upon the same by said improvement, and does not exceed the same, nor do they exceed the proportion of the special benefits conferred upon each lot or parcel of land by said improvement."

It will be observed that it is not averred or claimed by plaintiff in error that she was assessed inequitably, or that the limitacent. limitation was not exceeded. The finding of facts sets forth in substance and effect that the committee did in fact

assess her property equitably and fairly, and that the 25 per cent. limitation was not exceeded; that for the purpose of avoiding an exceeding of that limitation they had valued the property, and that their report to that effect was adopted by the council. It does not appear that they reported any valuation of the property to the council, or that the council when it came to confirm their action, which it did, had before it any valuation of the property made by itself or by the committee. Our view of the matter is, however, that the report of this valuation to the council and the making of a record of it is not fundamental; that is to say, that its omission would not be a vital defect that would render the assessment invalid. It is a means to an end. It is a method to be pursued in order that the assessment shall not exceed 25 per cent. of the value of the property. If the result is fair and equitable to the party, considering the matter with respect to the benefits accruing to the property of the party and the proportion of benefits as compared with the benefits accruing to other property assessed, we question whether it is essential that a valuation should be made.

We feel entirely clear that it is not necessary that any valuation shall be stated by the committee or by the council, or that any record shall be made of it; that what was done by the committee here in making the valuation, and observed in making the assessment, was sufficient; and we think it comes within the principle of the second clause of the syllabus in the case of *Blair* v. *Cary, supra,* which says:

"An assessment for a street improvement is not invalid for the reason that the council or its assessing committee did not proceed by a certain or prescribed method in determining its amount, if a just and equitable result is obtained, and even though the method pursued by the council or its committee is unscientific or informal if the amount assessed against a parcel of land does not exceed the benefits thereto resulting from the improvement, or its just proportion of the benefits thereby resulting to all the property subject to assessment therefor, the owner has no ground of complaint."

We do not think that the failure to make a record of valuation should raise a presumption that there was any inequity in

the assessment which should require its being set aside.

However it may be as to the burden of proof, we think that there should be a complaint in some form upon the part of the person undertaking to impeach the assessment that there was some injustice done.   The statute governing assessments in municipalities states a great many cases in which informalities are not fatal—Sections 2289$a$, 2289$b$, 2289$c$, and 2289$d$, Revised Statutes (repealed 96 O. L., 96), for instance—and provides with respect to certain informalities or defects in the proceedings that the assessment shall not be perpetually enjoined or declared void in consequence thereof, but the court in which any proceeding is pending to enjoin the collecting of such assessment or the levying of any such assessment "to pay for such improvement of any street, alley or other public highway, or the court in which such proceeding may hereafter be brought, shall allow the property owner bringing such proceeding as plaintiff to show wherein he has been injured, if at all, by reason of such" informalities, etc.   And we think that there being no express provision in the statute as to the kind of informality that is claimed here, we should adopt a rule analogous to that provided by the statute in the sections to which I have referred, that will permit the party claiming to be injured to have an opportunity to show it; that he should not be absolutely bound by the committee's finding.   In cases where notice is required by Revised Statutes 2278, of the time within which a party may come in and find fault with the assessment, if the notice shall be given, and the time for filing complaint or exception shall expire, and no fault is found therewith, we think that if, under such circumstances, no more is made to appear than such an informality as is here claimed, if a court of equity allows a party to come in afterwards and show wherein he has been hurt or damaged, it goes as far as it may or ought to go.

Our attention is called to the case of *Thatcher* v. *Toledo*, 19 C. C., 311, where we held that there was an omission in the proceedings that rendered an assessment—in that case a sidewalk assessment—absolutely null and void.   But that was an omission in the proceedings required by the statute in the

adoption of legislation on the subject, and we held that the council not having observed the express requirement of the statute as to the method to be pursued in adopting the legislation, and the statute being mandatory, that such omission was a fundamental error and defect which rendered the assessment invalid. But we think that this alleged error or omission stands upon a different footing.

The demurrer to the original answer was properly sustained.

Had the plaintiff in error set forth in her amended answer the true value of her parcels of land, and had it appeared therefrom that the assessment thereon exceeded 25 per cent. thereof, that would have been material. Or had she averred generally that the assessment exceeded 25 per cent. of the true value, that might have sufficed. But the statement of the values at which they were assessed for general taxation we regard as immaterial, and therefore we uphold the action of the court in striking such allegations from the amended answer.

The judgment of the court of common pleas is affirmed.

*B. A. Hayes,* for plaintiff in error.

*Smith & Baker* and *U. G. Denman,* for defendant in error.